**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Center for Biological Diversity, et al., | ) | No. 12-CV-8088-PCT-PGR |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| United States Forest Service, | ) | |
| Defendant. | ) | |

Before the Court is the Motion to Intervene filed by proposed intervenors Kane County, Utah, and Fredonia, Arizona. (Doc. 17.) The proposed intervenors seek to intervene as of right or permissively under Rule 24(a) and (b) of the Federal Rules of Civil Procedure. Plaintiffs do not oppose the motion. (Doc. 23.)  The Court finds that intervention is appropriate.

At issue in this case is Plaintiff's challenge to Defendant's implementation of the "Jacob-Ryan Vegetation Management Project" in the Kaibab National Forest. Rule 24(a)(2) requires a court to allow intervention for a proposed intervenor who "claims an interest relating to the property or transaction that is the subject of the action" and is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." *See Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (noting that Rule 24(a) is construed "liberally in favor of potential intervenors").

The proposed intervenors here, Kane County and the town of Fredonia, have shown a protectable interest in the Kaibab National Forest and its management, particularly as it relates to the prevention of forest fires, which effect the economy of the county and town and the well being of their residents. (*See* Doc. 18 at 5–7.) The proposed intervenors have also shown that their interests may not be adequately represented by the existing parties. *See Northwest Forest Resources Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). While they share with the U.S. Forest Service the general goal of implementing the Jacob-Ryan Plan, the proposed intervenors advocate a more aggressive approach to reducing fuel loads. (*Id.* at 8–9.)

The Court also finds that permissive intervention is appropriate under Rule 24(b) because the proposed intervenors assert a claim or defense in common with the main action. *See Northwest Forest Resources Council*, 82 F.3d 825 at 839.

Accordingly,

IT IS ORDERED granting the motion to intervene (Doc. 17).

DATED this 30th day of July, 2012.

Paul G. Rosenblatt
United States District Judge